Per Curiam.

We think the instruction of the judge was fight. Under, the circumstances proved, the presumption that *257 a grant had been made to Joseph Faunce was certainly violent. The counsel for the demandant is right, in supposing that mere adverse possession for twenty years, though sufficient for the presumption of a grant of an easement, will not raise a presumption of title by grant to land;* [1] but such a presumption may be drawn from other facts, and the possession under such circumstances is strongly corroborative of the presumption.
Judgment according to verdict.

 Balling v. Mayor, 3 Randolph, 563; Holyoke v. Haskins, 5 Pick. 27; 2 Stark. Ev. (5th Amer. ed.) 675, 676; Fenwick v. Reed, 5 Barn. & Ald. 232; Jackson v. Moore, 6 Cowen, 706; Hurst v. M'Neil, 1 Wash. C. C. R. 70. See Farrar v. Merrill, 1 Greenl. 17; Tenney v. Jones, 3 Moore & Scott, 472; Matthews on Presump. (Rand’s ed.) 296 to 315; Courcier v. Graham, 1 Ohio R. 349.